HELEN DICK BRADLEY, EXECUTRIX OF WALTER B. DICK,
APPELLANT, v. ATLANTIC GUARANTY AND TITLE
INSURANCE COMPANY, RESPONDENT.

Argued June 6, 1922—Decided November 9, 1922.

Where a contract of guaranty provided that the defendant guarantees
a bond and mortgage to D. and all subsequent owners and holders
of the bond and mortgage who should give notice to the com-
pany and proof of ownership—*Held*, that the defendant was not
liable on such guarantees where D. had assigned the bond and
mortgage to H., and had in turn taken a reassignment from H. in
compliance with a decree in equity, without notice to the de-
fendant.

On appeal.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the respondent, *Lewis Starr*.

For the appellant, *Thompson & Hanstein*.

The opinion of the court was delivered by

SWAYZE, J.   This is an action upon two contracts of guar-
antee by which the defendant guaranteed to Walter B. Dick
two bonds and mortgages, one for $16,000, dated March 31st,
1917, which may be called for convenience the Seaside mort-
gage, and one for $10,000, dated April 24th, 1917, which
may be called for convenience the Vermont mortgage.   Sub-
sequently, Howard acquired by assignment both mortgages,
but soon discovered that the Seaside mortgage was not a
first mortgage, but subject to another mortgage held by Dick.
He thereupon filed a bill to rescind the transaction.   Dick
had already begun to foreclose the first mortgage on the
Seaside property, and in the course of the litigation pro-
ceeded also to foreclose the guaranteed mortgages, Howard
meantime holding the assignments.   The assignments did

not purport to assign the contracts of guaranty. After thirteen months this litigation resulted in favor of Howard. Howard's bill and the foreclosure bills of Dick were consolidated, and on January 29th, 1920, a final decree was made by which the purchase of the guaranteed mortgages was rescinded and Dick was given his option to repay the amount to Howard or to allow Howard to have the prior lien for the amount on the property, practically by way of subrogation to Dick's right under the first mortgage on the Seaside property. Dick chose to pay cash and take a re-assignment. A re-assignment was made February 13th, 1920, a final decree having been entered, as we have said, on January 29th, so that on this date the mortgages had merged in the decree.

Subsequently, there was a sale under the foreclosure, and Dick received some money from the proceeds of sale and brought this action to recover from the defendant the balance due on his mortgages.

Of the defences set up, it is necessary to consider only one. The defendant claims that it is not liable by reason of the assignment to Howard and the decree in the Chancery suits to which we have referred. Each contract of guaranty provides that the defendant guarantees the bond and mortgage to Walter B. Dick and all subsequent owners and holders of the bond and mortgage described who shall give notice to the company and proof of ownership. One of the conditions is that the defendant is bound to consent to the assignment of this guaranty subject to the terms thereof, to any subsequent owner and holder of the bond and mortgage who shall give the defendant prompt notice and proof of ownership. These provisions recognize the assignability of the contracts, but only upon condition that notice is given. The contract limits assignability to those only who give notice and proof of ownership. To determine whether an assignee comes within the contract it is not important whether the defendant company has repudiated its obligations or not, since this provision is fundamental to the passing of title to the contract of guaranty. It is descriptive of the assignee and is very different from a condition affecting

the company's liability when the title to the guaranty has passed. There is no assignment of the contracts of guaranty and no notice is shown to have been given. Howard probably desired to own the mortgages for some advantage that might come to him in other litigation connected with the property, and Dick probably supposed that his interest had ceased when Howard took the mortgages and paid him the money due thereon. The defendants had the right to make such provisions as they chose to the assignment of the contracts of guaranty. They could be assigned only to such assignees as answered the description. If it were not for the rescission of the purchase and assignment of the mortgages these facts would end the case. Howard would have no claim under the contract of guaranty since he did not answer the description required, and Dick would have no claim since by the re-assignment he took only Howard's title to the mortgages. The re-assignment recognized that Howard had title to the mortgages which he might re-assign. This is not a mere verbal subtlety. During the time that Howard held the mortgages no one could recover on the contract of guaranty. Howard could not because he did not own the contract of guaranty. Dick could not because he did not own the mortgages and would not suffer loss. The case might perhaps be different if the assignment from Dick to Howard had been void instead of only voidable. But the decree of the Chancellor recognized that the title to the mortgage was in Howard, and this was essential to give Howard proper protection for the money he had been induced to invest and the taxes he had paid for which he was to be reimbursed. Moreover, the very decree of January 29th, 1920, which established the right of Dick to a re-assignment, decreed a foreclosure of the mortgages, whereby they were merged in the decree. The situation had become very different from what it was when Dick first owned the contract of guaranty. The rights of Dick and Howard as they then were could be worked out only by a court of equity. But the contract of guaranty was not by its terms applicable

to a decree in equity, and could not be made so without the consent of the guarantor, the present defendant.

We agree with the learned trial judge that the liability of the defendant in this suit had ended with the assignment to Howard. The judgment must be affirmed, with costs.